**In the Matter of John W. PETERS.**

**No. 64S00–0004–DI–277.**

Supreme Court of Indiana.

Feb. 20, 2001.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** In November 1995, a trial court ordered the respondent, as counsel for a former husband in a dissolution matter, to prepare a Qualified Domestic Relations Order (QDRO) to secure the former wife's interest in the husband's pension. Thirteen months later, when the respondent had not yet prepared the order, upon contempt citation the court ordered the respondent to file the order. Nonetheless, the respondent did not produce a final draft of the order until September 2000.

**Violations:** The respondent violated Ind.Professional Conduct Rule 3.2, which requires a lawyer to make reasonable efforts to expedite litigation consistent with the interests of his client. He violated Prof.Cond.R. 3.4(c), which prohibits a lawyer from knowingly disobeying an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists.

**Discipline:** Public reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. However, had this case been litigated, the sanction imposed likely would have been more severe. Costs of this proceeding are assessed against the respondent.

All Justices concur.